IN THE UNITED STATES DISTRIC COURT
CENTRAL DITRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v<br><br>TERRY MORGAN,<br><br>    Defendant. | No. 14cr10043 |

## Order and Memorandum Opinion

### I

A Grand Jury sitting in the Central District of Illinois returned an Indictment against the Defendant, Terry Morgan, charging him with conspiracy to commit the offense of access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count 1) and access device fraud in violation of 18 U.S.C. § 1029(a)(3) (Count 2). (D. 1). On June 30, 2014, the Defendant made his initial appearance before the Court, at which time the Government moved for detention. A detention hearing was continued on motion of the Government until July 3, 2014, and this Court entered a Temporary Order of Detention pending that hearing. (D. 10).

At the hearing on July 3, 2014, defense counsel moved to continue the hearing again in order to further investigate the potential for finding a third-party custodian. The Court, *sua sponte*, raised the question of whether, in light of 18 U.S.C. § 3142(f)(1) & (f)(2), the Court is prohibited from detaining the Defendant unless it makes a finding that either one of the enumerated factors in subparagraph (f)(1) is present or the Defendant presents: (1) a serious risk of

flight; or (2) a serious risk of obstructing or attempting to obstruct justice, or threatening, injuring, or intimidating, or attempting to threaten, injure, or intimidate, a prospective witness or juror under subparagraph (f)(2). 18 U.S.C. § 3142(f). The Government asked for an opportunity to brief this issue, and this Court granted the request, giving the parties until July 8, 2014 to file a pleading addressing the Court's question. Those pleadings having been filed (D. 13; D. 14), and, after considering the pleadings and conducting a detention hearing on July 9, 2014, the Court finds that, none of the conditions set forth in 18 U.S.C. § 3142(f)(1) or (f)(2) being satisfied in this case, the Court may not as a matter of law detain the Defendant. Accordingly, the Court ORDERS the Defendant's RELEASE WITH CONDITIONS as set forth herein.

II

As already noted, the Indictment charges the Defendant with conspiracy to commit the offense of access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count 1) and access device fraud in violation of 18 U.S.C. § 1029(a)(3) (Count 2). (D. 1). The statutory maximum term of imprisonment for the substantive offense is 10 years' imprisonment. 18 U.S.C. § 1029(a)(3). The statutory maximum term of imprisonment for the conspiracy offense is one-half the maximum imprisonment term for the substantive offense, *i.e.*, 5 years' imprisonment. 18 U.S.C. § 1029(b)(2).

The Pretrial Services Report (PTS) recommended the Defendant be detained because the Defendant poses a "risk of nonappearance" for the following reasons: "1. Criminal History Including Record of Failure to Appear; 2. Pretrial, Probation, Parole, or Supervised Release Status and Compliance; and 3. Criminal History." PTS at p. 6. The Report also recommend detention because the Defendant "poses a risk of danger" for the following reasons: "1. Prior Arrests and Convictions; 2. Violent Behavior History; 3. Pattern of Similar

Criminal Activity History; and 4. Criminal History." Id. The Government relied upon these recommendations in requesting detention of the Defendant.

### III

### A

The Bail Reform Act of 1984 (Act) contains a tangle of sections which in some instances are seemingly contradictory and in other places seemingly repetitive. One question that has arisen among the courts is whether a judicial officer is *prohibited* as a matter of law from detaining a defendant unless one of the conditions set forth in § 3142(f) is first met. See *United States v Himler*, 797 F2d 156 (3d Cir 1986). A related question is whether and under what circumstances a defendant's "dangerousness" can be considered for purposes of detention when no § 3142(f)(1) factor is present.

Although the Seventh Circuit has never weighed in on these questions, every Circuit which has done so has held that § 3142(f) "authorize[s] detention only upon proof of likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute." *United States v Himler*, 797 F2d 156, 160 (3d Cir 1986), see also *United States v. Twine,* 344 F3d 987 (9th Cir 2003)(agreeing with the *Himler* opinion); *United States v Singleton*, 182 F3d 7, 9 (DC Cir 1999)(absent one of the § 3142(f) factors being present, "detention is not an option"); *United States v Byrd*, 969 F2d 106 (5th Cir 1992); *United States v Friedman*, 837 F2d 48 (2d Cir 1988); *United States v Ploof*, 851 F2d 7 (1st Cir 1988). Additionally, where none of the factors set forth in § 3142(f)(1) are present, these same courts have held that "dangerousness" is only relevant for purposes of choosing which, if any, conditions accompanying an order of release are necessary to ensure the appearance of the defendant or the safety of the community. See, for example, *Ploof*, 851 F2d at 9.

The relevant portion of the Bail Reform Act provides:

**(f) Detention hearing.**--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--

> **(1)** upon motion of the attorney for the Government, in a case that involves--
>> **(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>> **(B)** an offense for which the maximum sentence is life imprisonment or death;
>> **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>> **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>> **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or
>
> **(2)** Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
>> **(A)** a serious risk that such person will flee; or
>> **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C.A. § 3142(f)(1) & (f)(2).

The Third Circuit in *Himler* considered the application of § 3142(f) in a case where the defendant was charged by complaint with production of a false identification document. The district judge found that, based upon a number of factors, the defendant's release on conditions would not assure the safety of the community, but the district judge made no finding regarding risk of flight. 797 F2d at 158. The defendant appealed, arguing that the Act did not authorize his detention based on a finding of a danger to the community. Id. The Third Circuit agreed. Specifically, the court noted that "[t]he legislative history of the Bail Reform Act of 1984 makes clear that to minimize the possibility of constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to danger from 'a small but identifiable group of particularly dangerous defendants.'" *Himler*, 797 F2d at 160, quoting SRep No 225, 98th Cong, 2d Sess 6-7 (1983), US Code Cong & Admin News 1984, pp. 3182, 3189. "[T]he requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." Id. Because the defendant's case in *Himler* did not involve any offenses specified in subparagraph (f)(1) and no claim had been made that he would attempt to obstruct justice or intimidate a witness or juror, the court held that:

> [T]he statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification. Any danger which he may present to the community may be considered only in setting conditions of release. He may be detained only if the record supports a finding that he presents a serious flight risk.

*Himler*, 797 F2d at 160.

The Second Circuit reached a similar conclusion in *United States v Friedman*, 837 F2d 48 (2d Cir 1998). In *Friedman*, the defendant was charged with three counts of sending and receiving child pornography. Id at 48. At the time of his prosecution, paragraph (E) which now applies to child pornography offenses was not in 18 U.S.C. § 3142(f)(1), that subsection being added in 2006 by Pub L 109-248, Title II, § 216, July 27, 2006, 120 Stat 617 (Adam Walsh Act). The district judge detained the defendant based upon "the evidence of Friedman's sexual abuse of children, his collection of pornography, the seriousness of his federal charges and the erosion of support for him in the community." *Friedman*, 837 F2d 48 (2d Cir 1988). The court of appeals held that "the Bail Reform Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated above [referring to 18 U.S.C. § 3142(f)(1)]." Id at 49. The government conceded that the defendant was not charged with any of the offenses enumerated in § 3142(f)(1) and the district court's detention based upon dangerousness was erroneous. Id. Instead, the Government argued that the defendant should be detained as a serious flight risk under § 3142(f)(2)(A). The court of appeals rejected this argument as well, noting the defendant was a life-long resident of New York, had no prior criminal record, had no passport, and took no steps to leave the jurisdiction after agents executed a warrant at his home. Id at 50.[1]

Similarly, in *United States v Ploof*, 851 F2d 7 (1st Cir 1988), the First Circuit held that "§ 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings

---

[1] Although the offenses for which the defendant in *Friedman* was charged are now enumerated in 18 U.S.C. § 3142(f)(1) due to the Adam Walsh Act amendments and, therefore, the outcome of this case might very well be different today, the court's central holding that the Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated at 18 U.S.C. § 3142(f)(1) is unaltered by the change made by the Adam Walsh Act.

to the following instances," the court then setting forth the instances enumerated in paragraphs (f)(1) and (f)(2). Id at 10. The court found that "the structure of the statute and its legislative history make clear that Congress did not intend to authorize preventative detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists." Id at 11. It went on to note that "[t]o conclude otherwise would be to ignore the statement in the legislative history that the 'circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial' . . . and to authorize detention in a broad range of circumstances that we do not believe Congress envisioned." Id, quoting S Rep No 225, 98th Cong, 2d Sess, 20, reprinted in 1984 US Code & Admin News, pp. 3182, 3203.

Finally, the Fifth Circuit in *United States v. Byrd*, 969 F2d 106 (1992) came to the same conclusion as the other circuits, holding:

> A hearing can be held only if one of the six circumstances[2] listed in (f)(1) and (2) is present; detention can be ordered only after a hearing is held pursuant to § 3142(f). Detention can be ordered, therefore, only "in a case that involves" one of the six circumstances listed in (f), and in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The First and the Third Circuits have both interpreted the Act to limit detention to cases that involve one of the six circumstances listed in (f). *See Ploof*, 851 F.2d at 11; *United States v. Himler,* 797 F.2d 156, 160 (3rd Cir.1986). Both Circuits held that a person's threat to the safety of any other person or the community, in the absence of one of the six specified circumstances, could not justify detention under the Act. There can be no doubt that this Act clearly favors nondetention. It is not surprising that detention can be ordered only after a hearing; due process requires as much. What may be surprising is the conclusion that even after a hearing, detention can be ordered only in certain

---

[2] This case predated the Adam Walsh Act amendment, which added subparagraph (E) to § 3142(f)(1). Thus, there are now seven, instead of six, total circumstances set forth in to § 3142(f)(1) & (f)(2).

> designated and limited circumstances, irrespective of whether the defendant's release may jeopardize public safety. Nevertheless, we find ourselves in agreement with the First and Third Circuits: a defendant's threat to the safety of other persons or to the community, standing alone, will not justify pre-trial detention.

969 F2d at 109-10.

## B

As already noted, although the Seventh Circuit has never specifically addressed the issues considered by the courts in *Himler, Friedman, Ploof, Byrd, Singleton,* and *Twine,* this Court finds the reasoning and conclusions in those cases persuasive, as other district courts in the Seventh Circuit have found as well. See, for example, *United States v Chavez-Rivas*, 536 FSupp 962 (ED Wis 2008); *United States v Parhams, Jr,* 2013 WL 683494 (ND Ind); *United States v Sweet,* 1987 WL 15384 (ND Ill).

Therefore, reading the Act in conjunction with the cases cited above, the Court concludes as follows. First, the Act requires the judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If such unconditional release will not reasonably assure appearance or will endanger safety, then the judicial officer must consider a number of conditions to accompany the release order. 18 U.S.C. § 3142(c). Only if, after a hearing pursuant to § 3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, shall the judicial officer order detention. 18 U.S.C. § 3142(e). Critically, however, § 3142(f) specifies certain conditions under which a detention hearing shall be held, and the

grounds set out in that section limit a dangerousness finding to instances of the kind listed therein. If none of the enumerated circumstances set forth at 18 U.S.C. § 3142(f)(1)(A) – (E) apply, then the Defendant may only be detained under 18 U.S.C. § 3142(f)(2)(A) – (B). That section allows detention only upon a finding of: "(A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." Id. If none of the factors in either § 3142(f)(1) or (f)(2) are met, then the defendant may not be detained. The question then becomes what, if any, conditions or combination of conditions should accompany the release order such that they are the "least restrictive" conditions necessary to ensure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(g), see also *Ploof*, 851 F2d at 9.

### III

### A

Applying these principles to the present case, the offenses charged do not fall within any of the enumerated categories in § 3142(f)(1). Neither the conspiracy nor the substantive access device fraud offenses are crimes of violence, offenses with a statutory maximum of life imprisonment or death, drug offenses with a maximum term of imprisonment of 10 years or more, or offenses involving a firearm or minor victims. 18 U.S.C. § 3142(f)(1)(A)-(C) & (E).

The PTS Report also does not demonstrate that the Defendant "has been convicted" of two or more offenses described in subparagraphs (A) through (C), or their state law equivalent. 18 U.S.C. § 3142(f)(1)(D). The Defendant has four prior convictions in the State of Illinois. His January 1, 2001 convictions for various financial offenses could only be enumerated offenses if they carried maximum imprisonment terms of life or a sentence of death—penalties which those offenses obviously do not carry. His remaining three convictions are simple

possession offenses—two for cannabis and one for more than 15 grams of cocaine. The federal equivalent of these offenses, a violation of 21 U.S.C. § 844(a), provides *at most*, and assuming the applicability of the enhanced recidivist penalties, a maximum of 3 years' imprisonment. Likewise, for cannabis possession offenses in Illinois, a defendant would have to possess in excess of 2,000 grams of cannabis before being subject to a statutory maximum of at least 10 years' imprisonment. See 720 ILCS 550/5(a)-(g); 730 ILCS 5/5-4.5-30. Given that the Defendant served no time in jail on either cannabis conviction, it is safe to assume his offenses did not involve such a large quantity of cannabis. The Defendant's only remaining conviction is for possession of more than 15 grams of cocaine. Even assuming that this offense fell within an offense enumerated at 18 U.S.C. § 3142(f)(1)(D), the Defendant would still have only one prior conviction fitting that definition. Given that subparagraph (D) requires *two* such convictions, subparagraph (D) is inapplicable to this case as well.

### B

Having found that none of the enumerated circumstances set forth in § 3142(f)(1) are applicable in this case, the Defendant may only be detained upon a finding of a serious risk of flight or an obstruction of justice risk as set forth in § 3142(f)(2)(A) & (B). No such findings can be made on the facts before the Court.

Regarding a serious risk of flight, the facts fail to establish *any* risk of flight. As evinced by the PTS Report,[3] the Defendant has lived at his current address for over seven years and has lived in the same community for his entire life. His

---

[3] The Government urges the Court to consider the Defendant's arrest record as it relates to an arrest for a bail violation. The Court declines to so do. As held by courts in other contexts, "an arrest record by itself cannot be 'reliable information' that a defendant engaged in prior criminal conduct." *United States v Terry*, 930 F2d 542 (7th Cir 1991) (in the sentencing context). Arrests listed in a Criminal History Section of a PTS which did not result in a conviction are of little use to the Court. There are simply too many reasons why an arrest may occur but not result in a conviction--very many of those possible reasons having very little to do with any real criminal conduct engaged in by the a defendant. Relying on an arrest record simply involves too much speculation, assumption, and uncertainty.

10

mother and siblings also all live relatively close to his residence, as do his children and their mothers. The testimony of the Defendant's sister at the hearing confirmed the information contained in the PTS Report. Additionally, nothing in his criminal history suggests that he ever failed to appear for a court hearing, failed to surrender to serve a sentence, or violated any conditions of bond or parole. In short, there are no facts in this record to support a finding of risk of flight, serious or otherwise.

Regarding a risk of obstruction of justice related to a witness or juror, again, no facts in the PTS Report or presented by the Government give any suggestion that such risk is present. Indeed, the record is entirely devoid of any facts even hinting at such a risk.

Accordingly, having found that none of the factors enumerated in § 3142(f) are present in this case, this Court lacks authority to detain the Defendant. The only question remaining, therefore, is whether the Defendant should be released on personal recognizance, upon the execution of an unsecured appearance bond, or upon conditions. 18 U.S.C. § 3142(b).

## C

In making this determination, if release on personal recognizance or upon execution of an unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," (18 U.S.C. § 3142(b)), then the judicial officer is directed to consider a number of conditions to be attached to a release order. 18 U.S.C. § 3142(c).

The Court has already found that no risk of flight is presented in this case. However, the Court finds that ensuring the safety of the community does warrant some conditions attached to the Defendant's pre-trial release in this case.

First, although none of the Defendant's prior convictions fall within the offenses enumerated at § 3142(f)(1), the Court cannot ignore that the Defendant has four prior convictions—not an insignificant number. These facts warrant conditions requiring the Defendant to submit to the supervision of the United States Probation Office and a requirement that he report to the Pretrial Services Office any contact he has with law enforcement while on pretrial release.

Second, the Defendant's prior felony convictions should already prohibit him from possessing a firearm. Such a prohibition should also be a condition of his pretrial release.

Third, one group of his prior convictions was for financial crimes similar in nature to the offenses charged in this case. A condition that the Defendant be required to inform any prospective employer of his currently pending charges is therefore warranted to reduce the risk of similar conduct in the future.

Fourth, three of the prior convictions were for possession of controlled substances, indicating some history of drug abuse on the part of the Defendant. A condition prohibiting the possession of narcotic drugs and testing for prohibited substances is therefore warranted.

Fifth, given the conspiracy charge, a condition prohibiting contact with the codefendant or potential witnesses is also appropriate.

The conditions noted above will be set forth in more detail in the 'Order Setting Conditions of Release" on AO Form 199A entered simultaneously with this Order and Opinion, this combination of conditions being the "least restrictive" combination of conditions to ensure the safety of the community.

## IV

In light of the foregoing, at least for cases where a detention hearing may be held before this U.S. Magistrate Judge, a Pretrial Services Reports that recommends detention of a defendant should in the future identify with

specificity which, if any, § 3142(f) factors authorize the Court to detain the Defendant. Likewise, when the Government moves for Detention, it too should identify the § 3142(f) factor or factors on which it bases its motion. If no § 3142(f)(1) factors are identified, then any detention hearing is limited to whether a factor set forth in § 3142(f)(2) is satisfied and, if so, then whether and which "least restrictive" condition or combination of conditions are required, if any, to ensure the appearance of the defendant or the safety of another person or the community.

So Ordered.

Entered on July 9, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE